# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEM THEAR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO_____ |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S INDEX OF MATTERS BEING FILED

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC ("Family Dollar"), files this Index of Matters Being Filed pursuant to Local Rule 81 of the Southern District of Texas, as follows:

Exhibit 1:   All Executed Process:

- Affidavit of Service as to Family Dollar Store's of Texas, LLC

Exhibit 2:   All State Court Pleadings:

- Plaintiff's Original Petition filed August 20, 2021
- Defendant Family Dollar Stores of Texas, LLC's Original Answer filed September 20, 2021
- Defendant Family Dollar Stores of Texas, LLC's Jury Demand filed September 20, 2021

Exhibit 3:   State Court Docket Sheet

Exhibit 4:   List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

(*All Executed Service of Process*)

8/27/2021 10:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56722279
By: MARCELLA WILES
Filed: 8/27/2021 10:46 AM

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**              **333rd Judicial District Court**

Case Number: 202152330

Plaintiff:
**SEM THEAR**

vs.

Defendant:
**FAMILY DOLLAR STORES OF TEXAS, LLC**

Received these papers on the 24th day of August, 2021 at 3:30 pm to be served on **FAMILY DOLLAR STORES OF TEXAS LLC care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Vivian Smith, being duly sworn, depose and say that on the **25th day of August, 2021** at **10:45 am, I:**

hand-delivered a true copy of this **Citation Corporate together with Plaintiff's Original Petition,** to **FAMILY DOLLAR STORES OF TEXAS LLC care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY** by and through its designated agent, **SAMANTHA GUERRA,** at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 25th
day of August, 2021 by the affiant who is
personally known to me.

**Vivian Smith**
PSC-12617, Exp. 5/31/2022

NOTARY PUBLIC

Our Job Serial Number: THP-2021004248
Ref: Thear, Sem

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c




RECEIVED

AUG 24 2021    CAUSE NO. 202152330

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 898060 TRACKING NO: 73904656 EML

| | |
|---|---|
| Plaintiff: | In The 333rd |
| THEAR, SEM | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FAMILLY DOLLAR STORES OF TEXAS LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    FAMILLY DOLLAR STORES OF TEXAS LLC (A DOMESTIC CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT C T CORPORATION SERVICE COMPANY 211 E 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 20, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on August 23, 2021, under my hand and seal of said court.

Issued at the request of:

SALVATO, CARLO F. III
6330 GULF FREEWAY
HOUSTON, TX  77023
713-524-8139
Bar Number: 24117012



Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:MONICA JACKSON



Tracking Number: 73904656   EML

## CAUSE NUMBER: 202152330

| | |
|---|---|
| **PLAINTIFF: THEAR, SEM** | **In the 333rd** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: FAMILLY DOLLAR STORES OF TEXAS LLC** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at 3:30 o'clock P . M. on the 24th day of August , 20 21 . Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
           Affiant                                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

# EXHIBIT 2

*(All State Court Pleadings)*

8/20/2021 4:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56523202
By: Monica Jackson
Filed: 8/20/2021 4:26 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **SEM THEAR** | § | **IN THE DISTRICT COURT OF** |
|     *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FAMILY DOLLAR STORES OF** | § | |
| **TEXAS, LLC** | § | **JUDICIAL DISTRICT COURT** |
|     *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Sem Thear (hereinafter "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Family Dollar Stores of Texas, LLC (hereinafter "Defendant"), and for cause(s) of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 2 plan pursuant to the Texas Rules of Civil Procedure 190.3.

### PARTIES

2.     Plaintiff Sem Thear is an individual who resides in Harris County, Texas. Plaintiff is a citizen of Texas.

3.     Defendant is a domestic corporation authorized to conduct business and is doing business in Harris County, Texas.  Defendant may be served, by a process server, by serving its registered agent through C T Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000.  Plaintiff reserves the right to amend her pleadings during and/or after the discovery process.

5.      The Court has personal jurisdiction over Defendant because it does business in Texas and has sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that exercise of personal jurisdiction over them is proper and does not offend traditional notions of fair play and substantial justice.

## VENUE

6.      Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) and §15.002(a)(2) because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## MISNOMER

7.      Plaintiff specifically invokes the right to institute this suit against whatever entity, entities, and/or persons which or who were conducting business using the assumed or common names of "Family Dollar Stores of Texas LLC", "Family Dollar", or otherwise appropriate parties to this cause. Plaintiff expressly invokes her right under Rules 71 and 28 of the Texas Rules of Civil Procedure to have the true name of the entity, person and/or party substituted at a later time upon the motion of any party or of the Court and/or in the interest of justice.

## FACTS

8.   On or about September 22, 2019, during normal business hours, Plaintiff entered upon Defendant's premises located at 3040 Gears Rd, Houston, Texas 77067.  Plaintiff would show that the premises is owned, occupied, and maintained by Defendant. Plaintiff's purpose on the premises was to purchase items sold by Defendant.  On the date in question, Defendant failed to instruct the staff to place visible warnings regarding the same, or to otherwise warn shoppers of the water on the floor. As such, Plaintiff was shopping on an aisle within Defendant's premises when she slipped on clear undistinguished liquid on the floor space of the premises, causing her to fall and sustain serious bodily injuries.

9.   Plaintiff contends that the accident in question was caused by a failure on Defendant's part to provide and maintain hazard-free flooring at the premises. Further, Plaintiff contends that the accident in question was caused by Defendant's failure to warn of and/or cure the dangerous conditions.

10.  Defendant extended an open invitation to the public, including Plaintiff, to enter the premises. Accordingly, Plaintiff was a shopper to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from dangerous conditions on the premises or to warn of their existence.

11.  While upon Defendant's premises, Plaintiff suffered serious bodily injuries as a direct result of hazardous flooring. Defendant, their agents, servants, and employees knew or, in the exercise of ordinary care, should have known the dangerous situation existed. More specifically, Plaintiff would show that the incident in question was caused by Defendant's failure to maintain safe and hazard-free flooring at the premises. If the premises were

properly maintained the danger would not have existed. The incident and resulting injuries to Plaintiff were due to no fault of her own.

12. Defendant, their agents, servants, and employees negligently allowed this dangerous condition to exist by their failure to properly ensure hazard-free flooring. Additionally, Defendant, their agents, servants, and employees negligently or willfully permitted such conditions to exist, and negligently or willfully failed to warn Plaintiff of the dangerous conditions, despite the fact that Defendant, their agents, servants and employees knew or, in the exercise of ordinary care including the duty to inspect, should have known of the existence of the dangerous conditions and that there was a likelihood of someone being injured; as happened to Plaintiff. Plaintiff further alleges that the dangerous conditions had continued for such period of time that it would have been noticed and corrected if Defendant, their agents, servants, and employees had exercised ordinary care in the maintenance and operation of the premises.

**CAUSES OF ACTION AGAINST DEFENDANT**:

**COUNT 1 – PREMISES LIABILITY**

13. Defendant is the owner and/or in possession of the premises located at 3040 Gears Rd, Houston, Texas 77067. As such, Defendant assumes liability.

14. A condition on Defendant's premises posed an unreasonable risk of harm. The fact that Defendant failed to maintain hazard-free flooring led to Plaintiff's injury. Defendant knew or should have known of the dangerous condition.

15. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to (1) inspect, (2) warn, and/or (3) cure.

Defendant breached the duty of ordinary care by failing to maintain safe premises by allowing hazardous flooring.

16.     Defendant breach of duty proximately caused Plaintiff's bodily harm.

17.     Plaintiff would show that she has sustained substantial physical pain and mental anguish in the past and in all probability will have such physical pain and mental anguish in the future. Plaintiff has further incurred expenses in connection with necessary medical treatment for injuries out of the incident made basis of this cause of action, with such expenses being reasonable in the amount at the time and place they were rendered. Further, in all probability, Plaintiff will incur substantial medical expenses in the future for reasonable and necessary care and treatment of her injuries. As a result of her injuries, Plaintiff has suffered from physical impairment in the past, and will continue to suffer from such impairment in the foreseeable future.

### COUNT 2 – NEGLIGENT ACTIVITY

18.     In the alternative, Plaintiff's injury was the result of Defendant's ongoing negligent activity on the premises at the time of the injury, not a condition of the premises.

19.     Defendant is the owner and/or in possession of the premises located at 3040 Gears Rd, Houston, Texas 77067. As such, Defendant assumes liability.

20.     Defendant extends an open invitation to the public, including Plaintiff, to enter the premises.

21.     On the occasion in question, Defendant, their agents, servants and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff by committing certain acts and omissions, each of which constituted negligence and each of which was a proximate cause of Plaintiff's injuries. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.

This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by failing to properly maintain a clean and neat premise free of hazard.

22.     Additionally, Defendant breached their duty of ordinary care and are liable to Plaintiff for negligence by:

    a.   Failing to adequately provide Plaintiff assistance;

    b.   Failing to make the condition reasonably safe;

    c.   Failing to care for the premises in a reasonable manner;

    d.   Creating dangerous conditions; and

    e.   Other acts deemed negligent.

23.     Defendant's agents or employees created the dangerous condition and, therefore Defendant had actual knowledge of the condition.

24.     Defendant's breaches were the proximate cause of Plaintiff's injuries.

25.     Each of the above acts and omissions constitute negligence.

26.     At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable for the negligent acts and/or omissions of its employees under the doctrine of vicarious liability or *respondeat superior.*

27.     Plaintiff would show that she has sustained substantial physical pain and mental anguish in the past and in all probability will have such pain and mental anguish in the foreseeable future. Plaintiff has further incurred expenses in connection with necessary medical treatment for injuries out of the incident made the basis of this cause action, with such expenses being reasonable in amount at the time and place they were rendered. Further, in

all probability, she will incur substantial medical expenses in the future for reasonable and necessary care and treatment of her injuries. As a result of her injuries, Plaintiff has suffered from physical impairment in the past, and will continue to suffer from such impairment for the foreseeable future.

## COUNT 3 – GROSS NEGLIGENCE

28.   Pleading further, and without waiving the foregoing Plaintiff hereby brings claims against Defendant for gross negligence. Plaintiff incorporates by reference the factual allegations contained previously and otherwise herein. Defendant's acts and omissions, as more fully described above, constituted gross negligence as defined under Texas Law, which entitles Plaintiff to exemplary damages under Texas Constitution Article 16, Section 26.

## PLAINTIFF'S DAMAGES

29.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

30.   As previously mentioned, the damages caused by Defendant on September 22, 2019, have not been properly addressed or remedied in the months since the incident, causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's actions and/or lack of actions on September 22, 2019.

31.   Plaintiff suffered severe physical and mental pain, suffering, impairment, anguish, loss of enjoyment of life, disability; and, in all reasonable probability, will continue to suffer in this manner for a long time into the future, and solely as a result of the injuries she sustained due to Defendant's conduct. There is a more than reasonable probability that Plaintiff will incur additional reasonable expenses for necessary medical care and

attention in the future in sums unknown at the time. In addition, Plaintiff will continue to experience pain and suffering, mental anguish, and impairment.

32.     For the negligence, premises liability, and gross negligence claims, Plaintiff is entitled to damages. By reason of the injuries described above, Plaintiff seeks actual damages, suffered losses, and punitive damages in the maximum amount allowed by law. These damages far exceed the minimum jurisdictional limits of the court, and therefore Plaintiff demands recovery for all damages prayed for herein, including, but not limited to, general and special damages allowed by law from Defendant, prejudgment and post judgment interest, costs and attorney's fees as allowed.

## REQUIRED DISCLOSURES

33.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby gives formal notice that Defendant must disclose, within thirty (30) days after the filing of the first answer or general appearance, the information and/or material described in rule 194.2(b).

## JURY DEMAND

34.     Plaintiff requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff tenders the appropriate jury fee.

## DESIGNATED E-SERVICE EMAIL ADDRESS

35.     The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, both filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: **eserve@puschnguyen.com.**  This is the undersigned's only e-service email address and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein, and, that upon final trial hereof, judgment against Defendant for damages described herein.  In addition, Plaintiff requests the award of all costs of Court expended on his behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PUSCH & NGUYEN LAW FIRM PLLC**

*/s/ Carlo F. Salvato III*
Carlo F. Salvato III
State Bar No. 24117012
Raymer Mujica Peraza
State Bar No. 24116796
Anthony Akins Pusch
State Bar No. 24094445
Chi-Hung David Nguyen
State Bar No. 24095085
6330 Gulf Freeway
Houston, TX  77023
713-524-8139 (Office)

**For Electronic Service:**
**eserve@puschnguyen.com**

**ATTORNEYS FOR PLAINTIFF**

9/20/2021 11:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57402701
By: Kevin Childs
Filed: 9/20/2021 11:52 AM

CAUSE NO. 2021-52330

| | | |
|---|---|---|
| SEM THEAR | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC | § | |
| | § | |
| *Defendant.* | § | 333rd JUDICIAL DISTRICT COURT |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S ORIGINAL ANSWER

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, ("FAMILY DOLLAR") hereby files its Original Answer to Plaintiff's Original Petition as follows:

## I.
## GENERAL DENIAL

1.      FAMILY DOLLAR denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.
## INFERENTIAL REBUTTALS

2.      Notwithstanding the foregoing, FAMILY DOLLAR asserts the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

a.      ***New and Independent Cause / Superseding Intervening Cause***.  The alleged damages in question as set forth in the Petition were caused by the conduct of Plaintiff, and that said conduct destroyed any causal connection between the alleged acts or omissions of FAMILY DOLLAR and the injuries complained of thus becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages.

      b.      ***Sole Proximate Cause***. The act(s) or omission(s) of Plaintiff or a third party was the sole cause of the damages she alleges in the Petition and therefore, FAMILY DOLLAR is not liable to the Plaintiff.

## III.
## AFFIRMATIVE DEFENSES

3.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid and mitigate the claimed damages.

4.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that in the unlikely event that an adverse judgment would be rendered against it, FAMILY DOLLAR would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

5.      FAMILY DOLLAR hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

6.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that in addition to any other limitation under law, Plaintiff's

recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code.

7.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR hereby affirmatively pleads that Plaintiff engaged in acts, including acts of negligence, which caused Plaintiff's alleged damages.  Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from FAMILY DOLLAR.

8.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

9.      Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.  FAMILY DOLLAR further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of FAMILY DOLLAR.

10.     Pleading further, alternatively, and by way of affirmative defense, FAMILY DOLLAR alleges that the accident made the basis of this lawsuit was just that, an accident, not caused by the negligence of any party.

11.     By way of affirmative defense, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limiting same to the net loss after reduction for income tax payments or unpaid tax liability thereon.   Accordingly, FAMILY DOLLAR specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

## **PRAYER**

12.     Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, prays that Plaintiff take nothing by her lawsuit, that FAMILY DOLLAR go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which FAMILY DOLLAR may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

_/s/ Jason M. Gunderman_

Kevin P. Riley

State Bar No. 16929100

kriley@mayerllp.com

Jason M. Gunderman

State Bar No. 24085349

jgunderman@mayerllp.com

4400 Post Oak Parkway, Suite 1980

Houston, Texas   77027

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 20th day of September 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Carlo F. Salvato III
Raymer Mujica Peraza
Anthony Akins Pusch
Chi-Hung David Nguyen
Pusch & Nguyen Law Firm PLLC
6330 Gulf Freeway
Houston, Texas   77023
Phone:  713-524-8139

Electronic Service:
eserve@puschnguyen.com

☐E-Mail
☐Hand Delivery
☐Facsimile
☐Overnight Mail
☐Regular, First Class Mail
☒E-File and Serve
☐E-Service Only
☐Certified Mail/Return Receipt Requested

*COUNSEL FOR PLAINTIFF*

*/s/ Jason M. Gunderman*
Jason M. Gunderman

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Keefer on behalf of Jason Gunderman
Bar No. 24085349
kkeefer@mayerllp.com
Envelope ID: 57402701
Status as of 9/20/2021 12:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alex Adame | | eserve@puschnguyen.com | 9/20/2021 11:52:28 AM | SENT |
| Lyvna Moussavou | | lyvna@puschnguyen.com | 9/20/2021 11:52:28 AM | SENT |
| Carlo Salvato III | | csalvato@puschnguyen.com | 9/20/2021 11:52:28 AM | SENT |
| Wendy Daniels | | WDaniels@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Jason Gunderman | | jgunderman@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Kathy Keefer | | kkeefer@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Kevin Riley | | kriley@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Elizabeth Trevino | | etrevino@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Chrysa Williams | | CWilliams@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |

9/20/2021 11:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57402701
By: Kevin Childs
Filed: 9/20/2021 11:52 AM

CAUSE NO. 2021-52330

| | | |
|---|---|---|
| SEM THEAR | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, LLC | § | |
| | § | |
| | § | |
| *Defendant.* | § | 333rd JUDICIAL DISTRICT COURT |

---

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S JURY DEMAND

Defendant, FAMILY DOLLAR STORES OF TEXAS, LLC, pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, hereby formally makes this demand for a Jury Trial in the above-referenced cause.

Respectfully submitted,

**MAYER LLP**

  /s/ *Jason M. Gunderman*
Kevin P. Riley
State Bar No. 16929100
kriley@mayerllp.com
Jason M. Gunderman
State Bar No. 24085349
jgunderman@mayerllp.com
4400 Post Oak Parkway, Suite 1980
Houston, Texas   77027

**ATTORNEYS FOR DEFENDANT
FAMILY DOLLAR STORES OF TEXAS, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on the 20th day of September 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Carlo F. Salvato III
Raymer Mujica Peraza
Anthony Akins Pusch
Chi-Hung David Nguyen
Pusch & Nguyen Law Firm PLLC
6330 Gulf Freeway
Houston, Texas   77023
Phone:  713-524-8139

Electronic Service:
eserve@puschnguyen.com

☐ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ E-FILE AND SERVE
☐ E-SERVICE ONLY
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

***COUNSEL FOR PLAINTIFF***

*/s/ Jason M. Gunderman*
Jason M. Gunderman

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kathryn Keefer on behalf of Jason Gunderman
Bar No. 24085349
kkeefer@mayerllp.com
Envelope ID: 57402701
Status as of 9/20/2021 12:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lyvna Moussavou | | lyvna@puschnguyen.com | 9/20/2021 11:52:28 AM | SENT |
| Carlo Salvato III | | csalvato@puschnguyen.com | 9/20/2021 11:52:28 AM | SENT |
| Alex Adame | | eserve@puschnguyen.com | 9/20/2021 11:52:28 AM | SENT |
| Wendy Daniels | | WDaniels@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Jason Gunderman | | jgunderman@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Kathy Keefer | | kkeefer@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Kevin Riley | | kriley@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Elizabeth Trevino | | etrevino@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |
| Chrysa Williams | | CWilliams@mayerllp.com | 9/20/2021 11:52:28 AM | SENT |

# EXHIBIT 3

(*State Court Docket Sheet*)

Case 4:21-cv-03107    Document 1-1    Filed on 09/24/21 in TXSD    Page 27 of 31

**HCDistrictclerk.com**     THEAR, SEM vs. FAMILLY DOLLAR STORES OF     9/23/2021
TEXAS LLC
Cause: 202152330     CDI: 7     Court: 333

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 8/20/2021 | **Court** | 333rd |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 14) |
| **Case (Cause) Status** | Active - Civil | | HOUSTON, TX 77002 |
| **Case (Cause) Type** | Premises | | Phone:7133686470 |
| **Next/Last Setting Date** | N/A | **JudgeName** | BRITTANYE MORRIS |
| **Jury Fee Paid Date** | 9/20/2021 | **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| THEAR, SEM | PLAINTIFF - CIVIL | | SALVATO, CARLO F. III |
| FAMILLY DOLLAR STORES OF TEXAS LLC | DEFENDANT - CIVIL | | RILEY, KEVIN P. |
| FAMILLY DOLLAR STORES OF TEXAS LLC (A DOMESTIC CORPORATION) MAY BE | REGISTERED AGENT | | |

## INACTIVE PARTIES
No inactive parties found.

Case 4:21-cv-03107   Document 1-1   Filed on 09/24/21 in TXSD   Page 28 of 31

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 9/20/2021 | ANSWER ORIGINAL PETITION | | | 0 | | RILEY, KEVIN P. | FAMILLY DOLLAR STORES OF TEXAS LLC |
| 9/20/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 8/20/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 8/20/2021 | ORIGINAL PETITION | | | 0 | | SALVATO, CARLO F. III | THEAR, SEM |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | FAMILLY DOLLAR STORES OF TEXAS LLC (A DOMESTIC CORPORATION) MAY BE | 8/20/2021 | 8/23/2021 | 8/25/2021 | | | 73904656 | E-MAIL |

211 E 7TH STREET SUITE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 97962807 | DEFENDANT FAMILY DOLLAR STORES OF TEXAS LLCS ORIGINAL ANSWER | | 09/20/2021 | 6 |
| 97962808 | DEFENDANT FAMILY DOLLAR STORES OF TEXAS LLCS JURY DEMAND | | 09/20/2021 | 3 |
| 97583615 | Affidavit of Service- FAMILLY DOLLAR STORES OF TEXAS LLC | | 08/27/2021 | 3 |
| 97472015 | PLAINTIFFS ORIGINAL PETITION | | 08/20/2021 | 9 |
| -> 97472016 | CIVIL PROCESS REQUEST FORM | | 08/20/2021 | 2 |

# EXHIBIT 4

*(List of All Counsel of Record)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEM THEAR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO_____ |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, | § | |
| | § | |
| *Defendant.* | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)    A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

      ***Plaintiff***    Sem Thear

      ***Defendant***  Family Dollar Stores of Texas, LLC

      The removed case is currently pending.

(2)    A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

      See attached civil cover sheet and documents attached to Defendant's Notice of Removal as ***Exhibit "A*** ."

(3)    A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| **PUSCH & NGUYEN LAW FIRM PLLC** | **MAYER LLP** |
| Carlo F. Salvato III<br>State Bar No. 24117012<br>Raymer Mujica Peraza<br>State Bar No. 24116796<br>Anthony Akins Pusch<br>State Bar No. 24094445<br>Chi-Hung David Nguyen<br>State Bar No. 24095085<br>6330 Gulf Freeway<br>Houston, Texas 77023<br>713.524.8139<br><br>For Electronic Service:<br>eserve@puschnguyen.com<br><br>***ATTORNEYS FOR PLAINTIFF***<br>***SEM THEAR*** | Kevin P. Riley<br>State Bar No. 16929100<br>Southern Bar No. 13766<br>E-Mail: kriley@mayerllp.com<br>Jason M. Gunderman<br>State Bar No. 24085349<br>Southern Bar No. 3395605<br>E-Mail: jgunderman@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br><br>**ATTORNEYS FOR DEFENDANT<br>FAMILY DOLLAR STORES OF TEXAS,<br>LLC** |

(4)     A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Plaintiff, Sem Thear has requested a trial by jury;

Defendant, Family Dollar Stores of Texas, LLC has requested a trial by jury.

(5)     The name and address of the court from which the case is being removed.

Harris County District Court
Marilyn Burgess, District Clerk
201 Caroline, Suite 420
Houston, Texas 77002